BOYD, Justice.
Pursuant to a petition for mandamus this Court issued an alternative writ directing respondents, Director Kennedy, and Comptroller Lewis, to pay petitioner retirement benefits under Section 123.17, Florida Statutes, due her as the widow of the late Jack Falk, Circuit Judge, or to show cause why such benefits should not be paid. Respondent Lewis replies that the office of Comptroller will process such retirement benefits as are certified to it by the Division of Retirement, but that without such certification it has no authority to comply. Respondent Kennedy has raised objections to payment of retirement benefits under Section 123.17, Florida Statutes, because he believes petitioner is not entitled to them since Judge Falk transferred from the Ju *330 dicial Retirement System in Chapter 123, Florida Statutes, to the Florida Retirement System in Chapter 121, Florida Statutes.
Section 123.17, subparagraphs (2) and (4) state:
“(2) A justice or judge retired by the commission for disability shall receive two-thirds of his then compensation if he has served for ten years or more. A justice or judge retired by the commission for disability who has served less than ten years shall receive one-third of his then compensation and in addition to said one-third shall receive an additional three and one-third percent of his compensation at time of retirement for each year served prior to his retirement.
“(4) Any justice or judge retired for disability shall have the right at any time prior to receipt of the first monthly installment of retirement compensation to elect to receive a reduced retirement compensation with the provision that the surviving spouse shall continue to draw such reduced retirement compensation so long as he or she shall live. The amount of such reduced retirement compensation shall be the actuarial equivalent of the amount of such retirement otherwise payable such justice or judge. In the event the disability of the justice or judge renders him incapable of making such election the commission may elect the plan most favorable under the circumstances of the particular case and include this election in its judgment.”
Jack A. Falk bcame a deputy commissioner for the Florida Industrial Commission on June 9, 1958 and served until December 27, 1960. He served as Judge of the Criminal Court of Record, Dade County, from December 28, 1960 to January 2, 1967. His service in these positions totaled 8.59 years in the State and County Officers and Employees Retirement System provided by Chapter 122, Florida Statutes.
Judge Falk became a circuit judge on January 3, 1967, and served as such until involuntary retirement by this Court on August 27, 1974. Upon becoming a circuit judge, Judge Falk elected to join the Judicial Retirement System provided by Chapter 123, Florida Statutes. Thereafter he elected to transfer to the elected state officers class of the Florida Retirement System established by Chapter 121, Florida Statutes. His ballot is not dated, but other records show the election was made effective on the July 1972 payroll. He had 7.66 years of creditable service in the Judicial Retirement System and in the elected state officers class of the Florida Retirement System.
In Re Falk, 300 So.2d 260 (Fla.1974), effective nunc pro tunc as of August 27, 1974 incorporated and approved the findings of fact and conclusions of law of the Judicial Qualifications Commission with respect to Judge Falk’s involuntary retirement and accordingly retired him from service as a circuit judge effective that date, his retirement being by reason of a physical disability of a permanent character and interfering with and preventing the performance of his duties. By a second opinion and order of this Court, In Re Falk, 323 So.2d 571 (1975), the opinion of August 27, 1974 was made permanent, “without prejudice to the rights of the widow of Judge Falk to institute and prosecute appropriate proceedings for the determination of the compensation she is entitled to receive under the applicable retirement laws of the State of Florida.”
Judge Falk died on November 5, 1974. The Petition for Writ of Mandamus was filed in October, 1975, praying that respondent be ordered to pay retirement benefits to Judge Falk’s widow under the provisions of Section 123.17(4), Florida Statutes, calculated on the basis of two-thirds of Judge Falk’s compensation at the time of his death, based upon his more than ten years of service as circuit judge or in *331 an equivalent position. Petitioner further prayed that respondent be required to pay to Judge Falk’s estate the benefits which he should have received during his lifetime.
Alternative writ issued on January 9, 1976, requiring the respondent to show cause via return and brief on or before January 26, 1976, why peremptory writ of mandamus should not issue as prayed.
The question before this Court, then, is the following: whether the Director of the State Division of Retirement is subject to a duty to pay benefits according to Section 123.17, Florida Statutes, with respect to a judge who had elected to transfer from the Judicial Retirement System to the Elected State Officers Class of the Florida Retirement System and who is involuntarily retired by the Supreme Court pursuant to Article V, Section 12, Florida Constitution.
Respondent contends that when the late Judge Falk transferred to the Florida Retirement System his rights became governable exclusively by Chapter 121, Florida Statutes, through the operation of Section 121.046, Florida Statutes, subparagraph (3), which reads as follows:
“(3) The rights of members of the judicial retirement system established by chapter 123 shall not be impaired, nor shall their benefits be reduced, by virtue of any provision of this act or any provision of the Florida retirement system act, except that if a member of the judicial retirement system, otherwise eligible, elects, prior to June 30,1973, to transfer to the Florida retirement system, he shall be transferred to the Florida retirement system and, from the date his transfer becomes effective, shall be subject to the provisions of the Florida retirement system established by chapter 121, together with any relevant provisions of this act and shall have his benefits calculated accordingly.”
We disagree. It is our opinion that if a judge is involuntarily retired for disability under Article V, Section 12, Florida Constitution, he is entitled to the retirement benefits of Section 123.17, Florida Statutes, even if he has elected to transfer from the Judicial Retirement System to the Florida Retirement System.
The constitutional provision existing prior to January 1, 1973 relating to this question was Article V, Section 17A:
* * * * * *
“(3) Any justice or judge to whom this section applies may be disciplined by private reprimand or removed from office for willful or persistent failure to perform his duties or habitual intemperance or conduct unbecoming a member of the judiciary or he may be involuntarily retired for disability seriously interfering with the performance of his duties, which is, or is likely to become, permanent in nature. After such investigation as it deems necessary, the judicial qualifications commission may conduct a hearing concerning the removal, discipline or retirement of a justice or judge or request the supreme court to appoint three special referees, who shall be active or retired justices or judges of courts of record, to hear and take evidence in any such matter, and to report thereon to the commission. All hearings shall be held in the county in which the justice or judge involved resides. Testimony shall be under oath, administered by a member of the commission or a special referee, and subject to the penalties for perjury. If after hearing, or after considering the record and report of the referees, the commission finds good cause therefor, it shall recommend to the supreme court the removal, discipline or retirement of the justice or judge. The supreme court shall review the record of the proceedings on the law and facts and shall order removal, discipline or retirement, as it finds just and proper, or wholly reject the commission’s recommendation. Upon *332 an order for involuntary retirement for disability, the justice or judge shall thereby be retired at retirement pay to be fixed by law which as to a justice of the supreme court, judge of a district court of appeal or circuit judge shall not be less than two thirds (2/3) of his then compensation if he has served for ten (10) years or more as justice or judge of such court or courts. . . .”
This evidenced the intent of the people that judicial officers of the Supreme Court, District Courts of Appeal and Circuit Courts should be paid retirement benefits after being involuntarily retired because of disability. The amounts were to be fixed by law, but not less than two-thirds of the current salary at time of retirement if the judge had served for 10 years or more. In ”1972 Article V, Florida Constitution, was revised and the constitutional provision controlling at the time of Judge Falk’s retirement by the Supreme Court is the present Article V, Section 12(f):
“(f) Upon recommendation of two-thirds of the members of the judicial qualifications commission, the supreme court may order that the justice or judge be disciplined by appropriate reprimand, or be removed from office with termination of compensation for willful or persistent failure to perform his duties or for other conduct unbecoming a member of the judiciary, or be involuntarily retired for any permanent disability that seriously interferes with the performance of his duties. After the filing of a formal proceeding and upon request of the commission, the supreme court may suspend the justice or judge from office, with or without compensation, pending final determination of the inquiry.”
Although there is no provision in the current Article V, Florida Constitution, requiring compensation for judges and justices retired for ill health, there is no constitutional prohibition against it. There is a long statutory history in Florida recognizing that judicial officers should be in a different category from other state employees who usually enter state service early in life and spend their active years in such service. Judicial officers usually enter the judiciary at personal economic sacrifice and later in life. In order that they may receive retirement benefits commensurate with their new status, the Legislature has made the benefits more attractive than to employees generally. The Legislature has done the same for elected state officers who retire after eight years of service once they have attained retirement age. It is inconceivable that the Legislature contemplated that any judge protected by Section 123.17(4) as to involuntary retirement for ill health would knowingly abandon that status for the benefits of Chapter 121, Florida Statutes.
We have carefully examined the briefs of the parties, and amicus briefs of the Dade County Bar Association and Judicial Qualifications Commission which strongly support petitioner’s position. Our view is that by permitting transfer from Chapter 123 relating only to judicial officers to Chapter 121 relating to employees generally, a merger was created as to the retirement rights of judicial officers with exception of Sections 123.17 through 123.21. As stated above, the Constitution provides for involuntary retirement of judicial officers by the Supreme Court for illness, but we find nothing directly relating to such involuntary court ordered retirement in Chapter 121. Involuntary retirement mentioned under Chapter 121 is ordered by the “Director” in said Chapter and not through the Judicial Qualifications Commission and the Supreme Court. The language seems to cover regular judicial retirement of justices and judges who voluntarily retire. We find Section 123.17, et seq., Florida Statutes, will not benefit those transferred from Chapter 123 to 121 except those involuntarily retired for disability reasons as in this case.
*333 We hold that petitioner is entitled to receive all benefits payable under Section 123.17(2) and Section 123.17(4), Florida Statutes. Petitioner argues that she is entitled to receive two-thirds of Judge Falk’s compensation at the time of his retirement because he had served 10 years or more as a Circuit Judge, or in an equivalent position. There is nothing in Section 123.17, Florida Statutes, which indicates that the computation of the 10-year time period for the benefits to be “two-thirds of his then compensation” should include service in equivalent positions. The applicability of Section 123.17, Florida Statutes, is limited to Supreme Court Justices, the Judges of District Courts of Appeal and Circuit Court Judges. The benefits in this case under Section 123.17, Florida Statutes, are to be one-third of Judge Falk’s compensation when retired, plus three and one-third percent of his compensation at retirement for each year served as a Circuit Judge prior to his retirement.
In addition petitioner contends that Section 121.052(1), subparagraphs (c) and (d), are applicable to determining Judge Falk’s benefits. We cannot agree. Judge Falk’s rights were fixed at the time of his death, November 5, 1974. Subparagraphs (c) and (d) of Section 121.052(1), Florida Statutes, did not take effect until July 1, 1975.
Accordingly, the peremptory writ is issued directing respondents to comply with these findings.
It is so ordered.
OVERTON, C. J., and ROBERTS and ADKINS, JJ., concur.
SUNDBERG and HATCHETT, JJ., concur in judgment.
ENGLAND, J., dissents.